## GENERAL COURT, (E. S.) SEPT. TERM, 1801.

### Lowes *vs.* Holbrook.

Trespass *q. c. f.* upon a tract of land called *Dispense.* The defendant pleaded *non cul.* and issue was joined. The question of dispute between the parties was the true location of the tract of land called *Dispense.*

1. The plaintiff at the trial offered in evidence a deed from *George* and *Leah Gale* for a moiety of the tract of land called *Dispense*, without previously shewing their title to the land. The defendant objected to the reading of the deed in evidence, until the plaintiff had shewn that the grantors had a right to convey, because it was irrelevant to the cause.

The Court determined, that the deed might be read to the jury, but that the plaintiff must shew that the grantors had a right to make the conveyance, or

A conveyance for a moiety of the land for which an ejectment is bro't, permitted to be read in evidence, before it was proved that the grantor therein had a right to convey. The court will direct the jury, in case it is not afterwards shewn that he had such right, that such conveyance is not evidence

It must appear on the face of the return to a commission to mark and bound lands, that sufficient notice had been given by the commissioners to the parties interested.

A witness cannot declare in evidence any thing which was taken down in writing as the deposition of a witness sworn before him, as a commissioner to mark and bound lands, inasmuch as the deposition itself would be better evidence.

A commission to mark and bound

lands, and the return thereof, permitted to be read 'in evidence although five years has not elapsed since the recording thereof, to have what weight 'the jury think it deserves, but is not conclusive evidence.

A verdict may be given in evidence to have its weight with the jury, but it is not conclusive evidence.

Sept. 1801

Lowes
vs.
Holbrook

It must appear on the face of the return to a commission to mark and bound lands, that sufficient notice had been given by the commissioners to the parties interested.

the court would direct the jury that the deed was not evidence.

2. The plaintiff offered in evidence the record of depositions taken under a commission issued to perpetuate the bounds of land, agreeably to the act of. 1723, *ch.* 8.

The defendant objected to the reading the same, because it did not appear on the face of the record, (and no other evidence was offered,) that the commissioners acting under the commission, had "affixed public notes at the parish church," &c. agreeably to the proviso contained in the *fourth section* of the act of 1723, *ch.* 8.

The plaintiff's counsel replied, that as the commission, under which the depositions offered, were taken, was issued at the instance and on the part of the defendant's ancestor, under whom he claimed, the defendant was therefore *estopped* from any objections to them, although they might not appear on the face of them to be strictly regular.

The Court determined that inasmuch as the requisites of the act of assembly had not been complied with, the depositions could not be received in evidence *(a.)*

A witness cannot declare in evidence any thing which was taken down in writing as the deposition of a witness sworn before him, as a commissioner to mark and bound lands, inasmuch as the deposition itself would be better evidence.

3. The defendant produced a witness, who had been a commissioner for the purpose of taking depositions under a commission issued at the instance of the defendant to perpetuate the bounds of *his land,* but which commission, or the depositions taken thereunder, had never been recorded, (by means of a *caveat* entered in the county court for that purpose,) to prove certain matters which came to the knowledge of the said witness by means of the depositions; and he was asked to inform the jury any thing which he might have heard respecting the head of a certain creek, while acting as a commissioner as aforesaid. The plaintiff objected to this testimony, as being only a circuitous mode of giving the depositions in evidence, which not being recorded, were now void.

*(a)* See the case of *Weems vs. Disney,* 4 Harr. & M'Hen. 156

THE COURT determined that the evidence was not admissible, and refused to let the witness declare any thing which was taken down in writing as the deposition of any witness sworn before him as a commissioner, inasmuch as the deposition itself would be better evidence *(a.)*

4. The plaintiff offered in evidence the proceedings under a commission for marking and bounding the lands in question, under the act of 1786, *ch.* 33, which commission had been issued and executed at the instance of the plaintiff, and to which the defendant had entered himself as defendant on the commission, but that five years had not expired since the execution and return of the said commission. The defendant objected to the reading of the said commission, and the proceedings thereunder, in evidence to the jury, because the act of 1786, *ch.* 33, *s.* 5, did not contemplate such a commission being evidence, until five years had elapsed after the recording the return to the commission; and that it had never been determined that a commission under that act could be read in evidence until the five years expired, when, it was admitted, it became conclusive.

*A commission to mark and bound lands, and the return thereof, permitted to be read in evidence although five years has not elapsed since the recording thereof, to have what weight the jury think it deserves, but is not conclusive evidence.*

*A verdict may be given in evidence to have its weight with the jury, but it is not conclusive evidence.*

THE COURT determined that the commission and return were admissible evidence *to go to the jury* to have what weight the jury might think it deserved; but that it was not conclusive evidence. That a verdict might be given in evidence, to have its weight with the jury, but it was not conclusive. Verdict for the plaintiff.

*Martin,* (Attorney General,) *Key,* and *Dashiell,* for the Plaintiff.

*Hammond, Harper* and *J. Bayly,* for the Defendant.

*(a)* See *Nelm's Lessee vs. Smith,* 4 Harr. & M'Hen. 389.